# United States District Court
# Central District of California

| | |
|---|---|
| NORMA ELIZABETH NARANJO BUENOSTRO,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. 2:18-cv-07859-ODW-SS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [8]** |

## I. INTRODUCTION

Plaintiff Norma Elizabeth Naranjo Buenostro ("Plaintiff") alleges that Northeast Valley Health Corporation ("NVHC") committed medical malpractice in its treatment of Plaintiff. This action was originally filed in Los Angeles Superior Court on February 1, 2018, against NVHC (the "State Action"). The United States Attorney certified that NVHC was acting within the course and scope of its employment with the United States. As such, on September 10, 2018, the case was removed to federal court, and the United States subsequently substituted in as Defendant.

Defendant United States of America ("Defendant") moves to dismiss the lawsuit for lack of subject matter jurisdiction because Plaintiff's claims are subject to the Federal Tort Claims Act ("FTCA"), and Plaintiff failed to exhaust her administrative remedies prior to filing a lawsuit against the United States. (*See generally* Mot. to Dismiss ("Mot."), ECF No. 8.)

For the following reasons, the Court **GRANTS** Defendant's motion to dismiss without leave to amend. (ECF No. 8.)

## II. FACTUAL BACKGROUND

Plaintiff alleged that on or about May 17, 2014, she obtained medical treatment from NVHC due to pelvic pain. (Compl. ¶ 7, ECF No. 1-1.) NVHC diagnosed Plaintiff with an ovarian cyst. (*Id.*) From May 2014 through February 2016, Plaintiff sought treatment from NVHC and other medical providers for her pelvic pain. (*Id.* ¶¶ 7–15.) Plaintiff alleged that on January 26, 2016, Defendant failed to provide treatment or schedule further treatment for Plaintiff despite receiving the medical clearance necessary for further procedures. (*Id.* ¶ 14.) Instead, from February 1, 2016, to February 4, 2016, Plaintiff received treatment from Providence Tarzana Medical Center including exploratory laparotomy that prompted surgical intervention through a right ovarian cystectomy and cyst removal. (*Id.* ¶ 15.) Plaintiff was discharged on February 4, 2016. (*Id.*)

On January 14, 2017, Plaintiff retained counsel who began investigating Plaintiff's medical treatment. (*Id.* ¶ 16.) Plaintiff alleged that around June or July of 2017, Plaintiff's counsel learned that NVHC "failed to appreciate and timely recognize the severity of Plaintiff's medical condition . . . [and failed] to institute timely medical procedures." (*Id.*) Plaintiff subsequently filed suit on February 1, 2018.

## III. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional . . . ." *Sun Valley Gasoline, Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack is based on the

challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. A factual attack disputes the validity of allegations that, if true, would invoke federal jurisdiction. *Id.* In resolving a factual attack, the court "need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242. "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d at 1039. This evidence includes "affidavits furnished by both parties." *Savage v. Glendale Union High Sch. Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

Claims brought against the United States for the negligent or wrongful act or omission of any employee are subject to the FTCA. *See* 28 U.S.C. §§ 1346(b), 2671 *et seq*. Before any claims can be pursued against the United States, the FTCA requires exhaustion of administrative remedies. 28 U.S.C. § 2675(a). Specifically, a party may not maintain an action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." *Id.* After a claim is denied, the claimant has six months to bring an action against the United States. 28 U.S.C. § 2401(b). An administrative claim is a prerequisite to subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

In support of its Motion, Defendant offered the declaration of Meredith Torres, an attorney in the Department of Health and Human Services responsible for

maintaining records of tort claims related to "federally supported health centers." (Decl. of Meredith Torres ("Torres Decl.") ¶¶ 1–2, ECF No. 8.) Ms. Torres certified that she searched the electronic database and found no record of any administrative tort claim filed by Plaintiff against NVHC. (*Id.* ¶ 4.)

Plaintiff does not dispute Ms. Torres's declaration with any evidence. Instead, in her Opposition, Plaintiff stated that "Plaintiff exhausted her administrative remedies for the state claim and filed a [c]omplaint" and that "she exhausted all her state administrative remedies." (Pl.'s Resp. to Def's Mot. ("Opp'n") 2, 3, ECF No. 9.) However, it is unclear what Plaintiff did to exhaust her administrative remedies. At the hearing, Plaintiff was also given an opportunity to explain how she exhausted her administrative remedies and she failed to do so.[1] A claim against Defendant for medical malpractice is subject to the FTCA and its exhaustion requirement. *See D.L. ex rel. Junio v. Vassilev*, 858 F.3d 1242, 1245 (9th Cir. 2017). As Plaintiff failed to exhaust her administrative remedies, the Court lacks subject matter jurisdiction.

**B.  Excuse or Equitable Tolling**

Plaintiff requests that her failure to exhaust her administrative remedies be excused because of undue prejudice. (Opp'n 3–5.) Plaintiff also argues that the statute of limitations should be tolled.[2] (*Id.* at 5.) Plaintiff premises both arguments on a letter from NVHC's attorney, Kaytee Costa, sent in the State Action (the "Costa Letter"). (*Id.* at 3–6.)

As an initial matter, Plaintiff provides no authority that the exhaustion requirement can be waived, excused, or tolled. As exhaustion is a jurisdictional issue, courts cannot create equitable exceptions. *Bowles v. Russell*, 551 U.S. 205, 214

---

[1] Instead, Plaintiff argued that the she should be excused from the FTCA's exhaustion requirement, which the Court addresses in detail below.

[2] Plaintiff attempts to conflate the jurisdictional requirement with a statute of limitations argument. As the only issue before the Court is whether the Court has subject matter jurisdiction based on Plaintiff's exhaustion of administrative remedies, or lacked thereof, the Court does not reach the issue of whether the statute of limitations should be tolled.

4

(2007) (holding that courts have "no authority to create equitable exceptions to jurisdiction requirements"); *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013) (en banc) (stating that the "exhaustion requirement . . . *is* tied by explicit statutory language to jurisdiction and was deemed 'jurisdictional' in *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)").

However, even if the Court had the ability to excuse Plaintiff's failure to exhaust her administrative remedy as a result of undue prejudice, Plaintiff suffered no prejudice because of the Costa Letter. As Plaintiff alleged, she discovered her injury on February 4, 2016 and, consequently, the statute of limitations to file her administrative claim and to file a lawsuit ran on February 4, 2018. (Opp'n 3.) The Costa Letter is dated May 25, 2018. (Opp'n Ex. 1 (the Costa Letter).) Plaintiff cannot claim undue prejudice based on a letter sent *after* the statute of limitations had lapsed. Further, Plaintiff retained counsel on January 14, 2017, giving her more than enough adequate time to investigate and file an administrative claim before February 4, 2018. (*See* Compl. ¶ 16.) Additionally, the Court is unconvinced by Plaintiff's argument that the Costa Letter deceived her counsel into believing that NVHC/Defendant did not fall under the FTCA.[3] (Costa Letter 1 (stating that "our firm has been retained . . . to represent [NVHC] and its employees until the United States Attorney for the Central District of California takes over representation and coverage of the action under the Federal Tort Claims Act").) At the hearing, Plaintiff's counsel read the Costa Letter aloud on the record, and when asked to identify how the Costa Letter deceived counsel into believing that Defendant was not subject to the FTCA, Plaintiff's counsel did not respond.

\ \ \

\ \ \

\ \ \

---

[3] Even if it did, this occurred nearly 4 months after the statute of limitations had lapsed.

5

## V. CONCLUSION

Accordingly, for the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss without leave to amend as amendment would be futile. (ECF No. 8.) The Clerk of the Court shall close the case.

November 2, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**